## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

KATHLEEN C. BENISON and
CHRISTOPHER BENISON                     Case No.: 1:12-cv-15226-TLL-CEB

                    Plaintiffs,       HON. THOMAS L. LUDINGTON

v.

GEORGE ROSS, E. GARY SHAPIRO,
IAN R. DAVISON,
                Defendants.
_____/

| | |
|---|---|
| Carole D. Bos (P33638) | Michael E. Cavanaugh (P11744) |
| Bradley K. Glazier (P35523) | Fraser Trebilcock Davis & Dunlap, P.C. |
| Bos & Glazier, P.L.C. | Attorneys for Defendants |
| Attorneys for Plaintiffs | 124 West Allegan, Ste. 1000 |
| 990 Monroe Avenue, N.W. | Lansing, MI 48933 |
| Grand Rapids, MI 49503 | (517) 482-5800 |
| (616) 458-6814 | mcavanaugh@fraserlawfirm.com |
| bglazier@bosglazier.com | |
| cbos@bosglazier.com | |

_____/

## PLAINTIFFS' MOTION TO STRIKE NEW EVIDENCE
## AND ARGUMENTS RAISED IN DEFENDANTS' REPLY BRIEF
## OR TO ALLOW THE FILING A SUR-REPLY BRIEF

Plaintiffs, Kathleen C. Benison and Christopher Benison, by and through their

counsel, Bos & Glazier, P.L.C., move this court to strike the new arguments, exhibits

and declarations attached to Defendants' Reply to Plaintiffs' Brief in Opposition to

Summary Judgment (Dkt. #22). In the alternative, Plaintiffs request an opportunity

to file a sur-reply brief addressing the new arguments and evidence included in Defendants' reply brief. Plaintiffs' motion is supported by the brief submitted with this motion.

Plaintiffs' counsel has sought concurrence in the relief sought in this motion and the request to strike the Defendants' reply brief is opposed. The request to allow the filing of a sur-reply brief is also opposed.

<div style="margin-left:40%">

BOS & GLAZIER, P.L.C.
Attorneys for Plaintiffs

</div>

Dated: September 19, 2013        By:   */s/ Bradley K. Glazier*
                                        Bradley K. Glazier (P35523)

<div style="margin-left:40%">

BUSINESS ADDRESS:
990 Monroe Avenue, N.W.
Grand Rapids, MI 49503
(616) 458-6814

</div>

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

KATHLEEN C. BENISON and
CHRISTOPHER BENISON

                    Plaintiffs,

v.

GEORGE ROSS, E. GARY SHAPIRO,
IAN R. DAVISON,
                    Defendants.

_____/

Case No.: 1:12-cv-15226-TLL-CEB

HON. THOMAS L. LUDINGTON

Carole D. Bos (P33638)
Bradley K. Glazier (P35523)
Bos & Glazier, P.L.C.
Attorneys for Plaintiffs
990 Monroe Avenue, N.W.
Grand Rapids, MI 49503
(616) 458-6814
bglazier@bosglazier.com
cbos@bosglazier.com

Michael E. Cavanaugh (P11744)
Fraser Trebilcock Davis & Dunlap, P.C.
Attorneys for Defendants
124 West Allegan, Ste. 1000
Lansing, MI 48933
(517) 482-5800
mcavanaugh@fraserlawfirm.com

_____/

## BRIEF IN SUPPORT OF
## PLAINTIFFS' MOTION TO STRIKE NEW EVIDENCE
## AND ARGUMENTS RAISED IN DEFENDANTS' REPLY BRIEF OR TO
## PERMIT THE FILING OF A SUR-REPLY BRIEF

### I. INTRODUCTION

    Plaintiffs have filed a motion to strike new evidence and arguments raised for

the first time in Defendants' Reply to Plaintiffs' Brief In Opposition to Summary

Judgment. Defendants' reply brief (Dkt. # 22), filed on September 17, 2013, included

three new declarations (Exhibits No. 61, 62 and 63), along with new exhibits attached
to Exhibits 61 and 62. Two of the declarations, by Dr. Ray Christie and Cindy
Rubingh, were signed by persons who were not listed in Defendants' Rule 26(a)(1)
disclosures as persons likely to have discoverable information that Defendants may
use to support their claims or defenses.

The Sixth Circuit has ruled that when new arguments and evidence are
included in a reply brief, a district court should either strike the new arguments and
evidence or allow the opposing party the opportunity to file a sur-reply brief. The
Plaintiffs seek such relief in their motion.

## II. ARGUMENT

In *Seay v. Tennessee Authority,* 339 F.3d 454 (6th Cir. 2003), the court
addressed the issue that confronts this court. In ruling that the district court abused
its discretion by considering new material included in a reply brief without allowing
the plaintiff the opportunity to submit a sur-reply brief, the court stated as follows:

> When new submissions and/or arguments are included in
> a reply brief, and a non-movant's ability to respond to the
> new evidence has been vitiated, a problem arises with
> respect to Federal Rule of Civil Procedure 56(c).[1]  Rule
> 56(c) requires that an adverse party receive ten days notice

---

[1] The 10 day notice provision has been removed from the current version of Rule 56 in
favor of a provision that provides the court with the authority to issue a summary judgment order
"after giving notice and a reasonable time to respond." See, Fed. R. Civ. P. 56 (f).

before a district court may enter summary judgment. Fed. R. Civ. P. 56(c); *Employers Ins. of Wausau v. Petroleum Specialties, Inc.*, 69 F.3d 98, 105 (6th Cir. 1995). The purpose of Rule 56(c) is to afford the non-moving party notice and a reasonable opportunity to respond to the moving party's summary judgment motion and supporting evidence. *See, Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986) (holding that summary judgment is to be entered only if the non-movant is on notice that it must come forward with all of its evidence). It is only logical that the purposes of notice and an opportunity to respond extend Rule 56(c) to the situation where the moving party submits in a reply brief new reasons and evidence in support of its motion for summary judgment, and require a district court to allow the non-moving party an opportunity to respond. *Beaird [v. Seagate Tech., Inc., 145 F.3d 1159, 1164 (10th Cir. 1998)]*, 145 F.3d at 1164-65 (*citing CIA. Petrolere Caribe Inc. v. Arco Caribbean Inc.*, 754 F.2d 404, 410 (1st Cir. 1985)). This is particularly true when the district court relies on the new evidentiary submissions.

*Id.* at 481-482 (footnote omitted).

In the *Seay* case, the "new evidence" concerned a declaration from the defendant's general manager and new exhibits attached to the declarations. *Id.* at 480. This case similarly involves new declarations and new documents not referenced in the Defendants' primary brief.

Because it would be unfair to allow the Defendants to present evidence to this court without giving the Plaintiffs an opportunity to respond, the court should strike these new exhibits and arguments or permit the filing of a short sur-reply brief.

BOS & GLAZIER, P.L.C.
Attorneys for Plaintiffs

Dated: September 19, 2013      By:   */s/ Bradley K. Glazier*
                                     Bradley K. Glazier (P35523)

                               BUSINESS ADDRESS:
                                     990 Monroe Avenue, N.W.
                                     Grand Rapids, MI 49503
                                     (616) 458-6814

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Michael E. Cavanaugh served electronically.

                                     */s/ Bradley K. Glazier*
                                     Bradley K. Glazier (P35523)

.119546

4